**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KENNETH CICILIONI and ELIZABETH CICILIONI, his wife,** : | |
| : | |
| **Plaintiffs,** : | **CIVIL ACTION NO. 3:15-02293** |
| : | |
| v. : | **(JUDGE MANNION)** |
| : | |
| **DICKSON CITY WALMART SUPERCENTER and/or WAL-MART, INC. and/or and/or WAL-MART STORES EAST, L.P., and/or STACY FRYE,** : : : | |
| : | |
| **Defendants.** : | |
| : | |

# **MEMORANDUM**

Presently before the court are the plaintiffs' motion to remand the case to state court, (Doc. 4), and the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), (Doc. 6). In removing the instant case to this court, the defendants allege that the court has diversity jurisdiction under 28 U.S.C. §1332. In opposing removal, the plaintiffs argue that complete diversity does not exist because individual defendant Stacy Frye ("Frye") is a citizen of Pennsylvania. In response, the defendants argue that the court should dismiss defendant Frye because the plaintiffs fraudulently joined Frye to defeat diversity jurisdiction and to improperly bring suit in state court. Finding that complete diversity exists between parties, and that the defendants have failed to establish that the plaintiffs fraudulently joined defendant Frye, the court will **GRANT** the plaintiffs' motion to remand. The defendants' motion to dismiss is **MOOT**.

**I.     BACKGROUND**

Plaintiff Kenneth Cicilioni ("Cicilioni") alleges that, on or about December 2, 2014, he slipped and fell on a substance or liquid while shopping at the Dickson City Walmart Supercenter in Dickson City, Pennsylvania, causing him to sustain serious and permanent injuries, including injuries to his arm. Cicilioni originally brought suit on October 28, 2015, in the Pennsylvania Court of Common Pleas of Luzerne County against corporate defendants "Dickson City Walmart Supercenter and/or Wal-Mart, Inc. and/or Wal-Mart Stores East, Inc. and/or Wal-Mart Stores, East, L.P." (collectively, "Walmart"), as well as individual defendant Frye, alleging negligence. Cicilioni's wife also brought suit for loss of consortium.

On November 28, 2015, the defendants removed the action to this court on diversity grounds. (Doc. 1). On December 7, 2015, the plaintiffs filed a motion to remand the case to state court, along with a supporting brief. (Doc. 4, Doc. 5). On the same day, the defendants filed a motion to dismiss, (Doc. 6), and a supporting brief followed on December 21, 2015, (Doc. 8). On December 21, 2015, the defendants also filed a brief in opposition to the motion to remand. (Doc. 7). On January 4, 2016, the plaintiffs filed a brief in opposition to the defendants' motion to dismiss. (Doc. 9). In their opposing brief, the plaintiffs additionally addressed several of the defendants' arguments against remand.

## II.  DISCUSSION

The removing party bears the burden of establishing federal jurisdiction. See Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc., 254 F. Supp. 2d 521, 523 (M.D. Pa. 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990)). Section 1332 states, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." Under §1332, there must be complete diversity, in which the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). The court examines the propriety of removal in light of these general principles.

The parties do not dispute that the amount in controversy exceeds $75,000. Under the first cause of action for negligence, the plaintiffs seek a sum in excess of $50,000, and under the second cause of action for loss of consortium, the plaintiffs also seek a sum in excess of $50,000. Therefore, in order to carry their burden of establishing jurisdiction under §1332, the

3

defendants must show that the citizenship of each of the defendants is diverse from that of the plaintiffs, who are citizens of Pennsylvania.

The right to removal is to be determined according to the pleadings at the time of the petition for removal. Abels, 770 F.2d at 29. With respect to corporate defendant Walmart, a corporation is considered a citizen of both the state in which it is incorporated and the state where it has its principal place of business, or "nerve center." See Hertz Corp. v. Friend, 559 U.S. 77 (2010). The pleadings state that Walmart's principal business headquarters is in Arkansas. (Doc. 2 at 4). The defendant submits that the only corporate entity properly before the court in this matter is Walmart Stores East, L.P., and that the partners of Walmart Stores East, L.P. – WSE Management, LLC and WSE Investment, LLC – are both Delaware limited liability companies with principal places of business in Arkansas. (Doc. 7 at 8). The defendant further states that the sole member of WSE Management, LLC, and WSE Investment, LLC, is Walmart Stores East, LLC, an Arkansas limited liability company with a principal place of business in Arkansas, and that the sole shareholder of Walmart Stores East, LLC – Walmart Stores, Inc. – is a Delaware Corporation with a principal place of business in Arkansas. The parties have established that defendant Walmart is not incorporated in and does not have its principal place of business in Pennsylvania. The court finds that diversity exists with respect to defendant Walmart.

With respect to individual defendant Frye, the plaintiffs allege that Frye

is a resident of Pennsylvania, and as a result, they argue that complete diversity in the case does not exist. The defendants argue that Frye should be dismissed because the plaintiffs fraudulently joined him to defeat diversity. Even if the court were to "involuntarily dismiss" a nondiverse defendant from the case (without the plaintiff's consent), removal on the basis of diversity would not be proper. See Abels v. State Farm Fire & Cas. Co., 694 F. Supp. 140, 143 (W.D. Pa. 1988); Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988). The rationale for this rule is that "the dismissal could be reversed on appeal, destroying diversity and making the original removal improper." 29A Fed. Proc., L. Ed. §69:28. Further, this rule reflects a "policy favoring the plaintiff's power to determine the removability of his case." Abels, 694 F. Supp. at 145 (quotation omitted). One exception to this rule is that a case may nevertheless be removed due to an involuntary dismissal if the plaintiff fraudulently joined the nondiverse defendant to defeat diversity. Id. at 143; 29A Fed. Proc., L. Ed. §69:28.

At this juncture, the court must determine whether remand would be appropriate. In doing so, the court is also evaluating whether the original removal was proper, and the same principles above apply. The defendants request the dismissal of defendant Frye in an attempt to keep the case in federal court. Even if the court dismissed Frye, removal would not be proper unless the plaintiffs fraudulently joined him as a party. Federal jurisdiction in

5

this case therefore hinges on whether the joinder of individual defendant Frye was fraudulent, requiring the court to deny the motion for remand, as the defendants advocate.

In analyzing whether the plaintiff acted fraudulently, the court is to "focus on the plaintiff's complaint at the time the petition for removal was filed." Batoff, 977 F.2d at 851 (quoting Steel Valley Author. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987), cert. dismissed, 484 U.S. 1021 (1988). However, limited piercing of the allegations is available to discover fraudulent joinder. See Boyer, 913 F.2d at 112.  The defendants must satisfy a "heavy burden of persuasion" in demonstrating the plaintiff sought to destroy diversity through fraudulent joinder. Id. at 111 (quotation omitted); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer, 913 F.2d at 111 (quoting Abels, 770 F.2d at 32). Thus, joinder may be considered fraudulent if the plaintiff has failed to state a cause of action against the nondiverse defendant. Boyer, 913 F.2d at 111-112. But failure to state a cause of action does not necessarily signify that the plaintiffs fraudulently joined a party. In determining the legitimacy of a complaint in a jurisdictional analysis, a court does not apply the Rule 12(b)(6) standard, that

6

is, has the plaintiff "failed to state a claim upon which relief may be granted." Rather, the Court may conclude that parties have been fraudulently joined only upon a finding that a claim is "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852 (citing Lunderstadt v. Colafella, 885 F.2d 66 (3d Cir.1989)). Put another way, the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than permissible when a party makes a claim of fraudulent joinder. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111 (quotation omitted).

The defendants assert that the complaint fails to state a cause of action against Frye, and thus remand should be denied. (Doc. 7 at 7). They contend that the complaint contains only one allegation against defendant Frye, which states he is an adult individual who resides in Pennsylvania. (Doc. 7 at 6, Doc. 2 at ¶6). The defendants further contend that the pleadings do not allege that Frye independently contributed to Cicilioni's fall or even indicate Frye's affiliation with Walmart. For these reasons, according to the defendants, "Mr. Frye's inclusion in this matter was merely a superficial effort by the Plaintiffs to defeat diversity jurisdiction." (Doc. 7 at 7). The plaintiffs argue that the defendants have "failed to cite any facts towards this malicious allegation [of

7

fraudulent joinder]." (Doc. 9 at 7 n.3). In their brief, the plaintiffs also state that Frye is "the manager of the Defendant Walmart Store, who was responsible, inter alia, for the hiring, training, supervising and terminating decisions in the normal course of his employment for Defendant, Walmart Store." Id. at 5.

In order to state a cause of action for negligence under Pennsylvania law, a claimant must plead the following four elements: "(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; (4) actual loss or damage resulting to the plaintiff." R.W. v. Manzek, 585 Pa. 335, 346, 888 A.2d 740, 746 (2005). The plaintiffs allege that "the Defendants owned, maintained, controlled, occupied and/or leased the Walmart store . . . ." (Doc. 2 at ¶7). They also allege various acts of negligence, for example, stating that "Defendants owed to Plaintiff a duty to remove defects from the ground and/or floor and/or aisle and/or walkway of its premises," Id. at ¶22, and that the "Defendants" caused physical injuries to Cicilioni by "[f]ailing to remove said defect from the on the [sic] ground and/or floor and/or aisle and/or walkway of its premises," Id. at ¶36(b).

The complaint does allege negligent acts and omissions by defendant Frye (and the other defendants), albeit in a summary fashion and without

8

further specification of Frye's individual acts or omissions. These kinds of general allegations were sufficient to rebut the defendants' accusations of fraudulent joinder in similar cases. See Briganti v. HMS Host Int'l, No. 14-CV-4813 CCC-SCM, 2015 WL 1268300, at *4 (D.N.J. Mar. 16, 2015); Cardillo v. Wal-Mart Stores, Inc., No. 14-CV-2879 MAS, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014). Further, "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." Batoff, 977 F.2d at 852.

Although the complaint does not explicitly allege that Frye is an employee of Walmart, it states that he, along with the other defendants, "owned, maintained, controlled, occupied and/or leased" the Walmart store. (Doc. 2 at ¶7). Moreover, the court is permitted to consider other parts of the record that indicate that Frye is a Walmart employee. Boyer, 913 F.2d at 112. In their brief, the plaintiffs state that Frye is a manager of Walmart, and the defendants do not dispute Frye's affiliation with the store.

The court is unable to conclude at this time that the claims against Frye are not colorable, i.e., are not "wholly insubstantial and frivolous." In the complaint, the plaintiffs put forth a colorable claim against Frye under Pennsylvania law by alleging that Frye breached a duty of care owed to the plaintiffs through acts and omissions, including failing to remove from the floor

9

the liquid or substance upon which he tripped. The defendant here is attempting to persuade the court to "convert [] its jurisdictional inquiry into a motion to dismiss," which the Third Circuit held is improper. Batoff, 977 F.2d at 852. The court will grant the plaintiffs' motion for remand, thereby rendering the defendants' motion to dismiss individual defendant Frye under Fed.R.Civ.P. 12(b)(6) moot.

## III.   CONCLUSION

In light of the foregoing, the court finds, on the record before it, that the defendants have not conclusively established that the defendants have satisfied the heavy burden of proving fraudulent joinder by the plaintiffs. Because individual defendant Frye is a named party that shares citizenship with the plaintiffs, the defendants have failed to establish federal diversity jurisdiction, and the case will be remanded to state court. The defendants' motion to dismiss is moot.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 8, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2293-01.wpd